[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 14, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-13615
Non-Argument Calendar

_____

D. C. Docket No. 05-00236-CV-W-E

JANICE BROWN,

Plaintiff-Appellant,

versus

CITY OF OPELIKA, AL,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(December 14, 2006)**

Before TJOFLAT, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

In this case, the district court granted the City of Opelika summary judgment

on Janice Brown's claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§ 2000e-3(a), that the City retaliated against her, i.e., terminated her employment, because she had made a complaint of racial discrimination, activity protected by Title VII.[1]  The district court ruled against Brown on the ground that she failed to establish the first prong a prima facie case for retaliation.  She now appeals that ruling.

The court's ruling appears in its order of May 30, 2006, at pages 5-8.  We find no error in the ruling and therefore affirm the court's judgment.

"[T]o establish a prima facie case of retaliation under Title VII, a plaintiff must prove the following elements: (1) she participated in an activity protected by Title VII; (2) she suffered an adverse employment action; and (3) there is a causal connection between the participation in the protected activity and the adverse employment decision." Gupta v. Florida Bd. of Regents, 212 F.3d 571, 587 (11th Cir. 2000).  A plaintiff can show participation in a protected activity by demonstrating that she had a subjective, good-faith belief that her employer was engaged in unlawful employment practices and that her belief was objectively reasonable in light of the facts and record presented.  Little v. United Techs., Carrier Transicold Div., 103 F.3d 956, 960 (11th Cir. 1997).

---

[1] Janice Brown is an African American woman.  In addition to asserting a claim under Title VII, she sought relief for the alleged retaliation under 42 U.S.C. § 1983.  The district court denied her § 1983 claim on the theory that Title VII provides the sole relief for a claim of retaliation.  Brown does not challenge that ruling in her appeal; we therefore do not consider it.

"To establish a causal connection, a plaintiff must show that the decision-makers were aware of the protected conduct, and that the protected activity and the adverse action were not wholly unrelated." Gupta, 212 F.3d at 590 (internal citation omitted). "Discrimination is about actual knowledge, and real intent, not constructive knowledge and assumed intent. When evaluating a charge of employment discrimination, then, we must focus on the actual knowledge and actions of the decision-maker." Walker v. Prudential Prop. & Cas. Ins. Co., 286 F.3d 1270, 1274 (11th Cir. 2002) (internal citations omitted).

Once a prima facie case is established, the burden shifts to the defendant to rebut the presumption of retaliation by producing legitimate reasons for the adverse employment action. Sullivan v. Nat'l R.R. Passenger Corp., 170 F.3d 1056, 1059 (11th Cir. 1999). If the defendant offers legitimate reasons, the presumption of retaliation disappears. Id. The plaintiff must then show that the employer's proffered reasons for taking the adverse action were actually a pretext for prohibited retaliatory conduct. Id.

We affirm the district court's judgment because, as the court correctly noted, the record contained no evidence that Brown engaged in a protected activity by making a complaint about racial discrimination or harassment. Brown admitted that she never mentioned the word "race" when she complained about Kirby's

3

behavior, that she had no knowledge of Kirby making any racially derogatory comments, and that Kirby took out her anger on everyone, including the white office assistant. Moreover, Brown did not engage in a protected activity because she never voiced a complaint that the City was engaged in an unlawful employment practice. Even if Brown had a subjective belief that Kirby was harassing and discriminating against her on the basis of race, this belief was not objectively reasonable in light of the facts presented. Specifically, Brown conceded that Kirby took out her anger on everyone, including the white office assistant. To the extent that the office assistant was treated differently, Brown conceded that the assistant had different responsibilities than hers.

**AFFIRMED.**